## TRENTON POTTERIES CO. v. SMITH.

(Supreme Court, Appellate Term. March 24, 1899.)·

1. JUSTICES OF THE PEACE—LOSS OF JURISDICTION.

    If the justice taking an inquest fails to sign a judgment, and none is entered, the court loses jurisdiction, and the action abates.

2. APPEAL—REVERSAL—JUDGMENT.

    It is not necessary to enter a formal judgment on an order of the appellate term reversing a trial-term judgment.

Appeal from municipal court, borough of Manhattan, Second district.

Action by the Trenton Potteries Company against Benjamin C. Smith. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J.,· and MacLEAN and LEVENTRITT, JJ.

Saml. S. Watters, for appellant.

Baggott & Ryall, for respondent.

FREEDMAN, P. J.   This action is brought to recover for goods sold and delivered to defendant by the plaintiff.   The pleadings were verified.   The answer does not deny any of the allegations of the complaint, but attempts to set up the defense of a former suit pending between the same parties, for the same cause of action alleged in the complaint in this action.   The answer avers, in substance, the rendition of a judgment between the same parties, for the same cause of action, in the district court of the Second judicial district, on the 19th day of March, 1897; that an appeal from said judgment was taken to the appellate term of this court; that a reversal of such judgment was had on such appeal, and a new trial ordered; that an order was duly made and entered upon such reversal, which order contained a direction that the case "be remitted to the court from whence it came, and be restored to the calendar of that court, to be disposed of according to law"; that subsequently the case came up for a new trial, and an inquest was taken; and further avers that the justice before whom the inquest was taken "never signed the judgment, and that there has never been any judgment under said inquest signed or entered."   Plainly, then, the court below lost jurisdiction, both of the person and of the subject-matter of the controversy, and the action abated.   The point that, after the entry of the order of reversal of the appellate term, a formal judgment should have been entered thereon, is not well taken.   The authorities cited by the appellant are not applicable in this case.   They refer to cases where transcripts from judgments of district, now municipal, courts are filed in the county clerk's office, and not to appeals taken from such courts to this.

Judgment affirmed, with costs.   All concur.